**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6327**

ANTWAN DANIELS,

        Plaintiff - Appellant,

    and

JAMES C. WILLIS; ELDRON C. LEWIS; MELTON M. MELVIN,

        Plaintiffs,

        v.

PRENTICE BENSTON; PHIL CORBETT,

        Defendants - Appellees,

    and

RODNEY HESTER; BENNY LENNON; DONNIE ALMAN,

        Defendants.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:13-ct-03286-FL)

Submitted: July 28, 2016        Decided: August 25, 2016

Before SHEDD, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Antwan Daniels, Appellant Pro Se. Christopher J. Geis, WOMBLE CARLYLE SANDRIDGE & RICE, PLLC, Winston-Salem, North Carolina, for Appellees.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antwan Daniels appeals the district court's order granting summary judgment to Appellees and dismissing his 42 U.S.C. § 1983 (2012) action claiming a delay in treatment with respect to a shoulder injury and unsanitary conditions in the Bladen County Jail (BCJ).

We have reviewed the record and find no reversible error. We conclude that the district court did not reversibly err in granting summary judgment to Appellee Benston on Daniels' claim against him for deliberate indifference to serious medical needs because there is no record evidence tending to suggest or show that Benston knew of and disregarded an excessive risk to Daniels' health during his stay in the BCJ. See Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). To the extent that Daniels sought to hold Benston liable in a supervisory capacity, the lack of any record evidence tending to suggest or show knowledge by Benston that any subordinate of his was engaged in conduct posing a pervasive and unreasonable risk of constitutional injury to Daniels is fatal to such a claim. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). We therefore affirm the district court's ruling granting summary judgment to Benston in this regard. See Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002). With respect to the district court's remaining rulings, we affirm for the

3

reasons stated by the district court. <u>Daniels v. Benston</u>, No. 5:13-ct-03286-FL (E.D.N.C. Jan. 21, 2016).

We grant Daniels' motions to supplement informal brief, to submit corrective information, and to supplement mental or emotional injury. With respect to Daniels' motion to submit letter evidence and for judgment, we grant the motion in part and deny it in part, granting the request to submit letter evidence but denying the request for judgment. We deny Daniels' motions to appoint counsel, for a transcript at government expense, for a default judgment, to compel document production, for entry of default, for a permanent injunction, for discovery materials, to reverse the district court's ruling, and to add a negligence claim. We also deny Appellees' motions to strike excess briefs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>